**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:19-cr-31 |
| | : | |
| v. | : | |
| | : | Judge Thomas M. Rose |
| KURT DENTON CROUCH, | : | |
| | : | |
| Defendant. | : | |

---

**ENTRY AND ORDER GRANTING UNITED STATES' MOTION TO DISMISS PETITION OF REBECCA PHELPS (DOC. NO. 43)**

---

This matter is currently before the Court for consideration of the United States' Motion to Dismiss Petition of Rebecca Phelps (the "Motion") (Doc. No. 43.) On November 27, 2019, Rebecca Phelps ("Phelps") filed a Third-Party Petition (the "Petition") (Doc. No. 31) for the return of property seized from Defendant Kurt Denton Crouch upon his arrest, and subject to forfeiture pursuant to this Court's preliminary order (*See* Doc. No. 29). (Doc. No. 31 at PageID 79.) Now, the Government moves to dismiss Phelps' Petition without a hearing for failure to comply with the statutory requirements for such petitions under 21 U.S.C. § 853(n)(3). (*See* Doc. No. 43 at PageID 145.) To specify, the Government contends that Phelps' Petition must be dismissed because she failed to sign it under penalty of perjury, as required by 21 U.S.C. § 853(n)(3). (*Id.* at PageID 148-49.)

The Government is correct on this front. 21 U.S.C. § 853(n)(3) carries the requirement that all third-party petitions for the return of property subject to criminal forfeiture "shall be signed by the petitioner under penalty of perjury …." "Federal courts require strict compliance with 21 U.S.C. § 853(n)(3) because of the substantial danger of false claims in forfeiture proceedings."

*United States v. Spencer*, No. 3:16-cr-73-3, 2019 WL 2270689, at *3 (S.D. Ohio May 29, 2019) (citing *United States v. Lamid*, 663 F. App'x. 319, 323 (5th Cir. 2016)) (Rose, J.). Indeed, "[c]ourts routinely dismiss third-party petitions when they fail to establish standing or meet the pleading requirements detailed in 21 U.S.C. § 853(n)(3)." *Id.* (citing *United States v. Fabian*, 764 F.3d 636, 638 (6th Cir. 2014).

Here, Phelps did not sign her Petition for the return of property subject to forfeiture. Instead, she signed her Petition in the presence of a notary. (*See* Doc. No. 31 at PageID 79.) But, signing in the presence of a notary is not the equivalent of signing under penalty of perjury. Rather, signing a third-party petition in the presence of a notary "only demonstrates that the person signing the document is who she purports to be." *Spencer*, 2019 WL 2270689, at *3 (citations and internal quotation marks omitted). Because Phelps has not complied with the pleading requirements set forth in 21 U.S.C. § 853(n)(3), and, because the Court must strictly construe that statute's mandates, Phelps' Petition for the return of property here is ripe for dismissal. Accordingly, the Unites States' Motion to Dismiss Petition of Rebecca Phelps (Doc. No. 43) is hereby **GRANTED** and Phelps' Third-Party Petition (Doc. No. 31) is hereby **DISMISSED**.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, September 16, 2026.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE